# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDGAR ZERMENO,

    Plaintiff,

v.

STRATOSPHERE CORPORATION,

    Defendant.

Case No. 2:07-CV-00581-KJD-LRL

**ORDER**

    Currently before the Court is Defendant's Motion for Attorney Fees (#30). Plaintiff filed a Response in Opposition (#31), to which Defendant filed a Reply (#34). Specifically, Defendant seeks attorney fees pursuant to the Court's Order (#29) of November 2, 2009, in which it granted Defendant's Special Motion to Dismiss pursuant to Nevada's anti-SLAPP statute, N.R.S. § 41.650.

    In its Order of November 2, 2009, the Court held that Plaintiff's defamation/slander per se claim sought to impose liability upon Defendant for its "good faith communication" in furtherance of its right to petition, in violation of Nevada's anti-SLAPP statute. In conjunction with the anti-SLAPP statute, N.R.S. § 41.670 provides that a court granting a special motion to dismiss pursuant to section 41.650 "shall award reasonable costs and attorney's fees to the person against whom the action is brought."

Plaintiff's Response in Opposition points out that case law interpreting N.R.S. § 41.650 is "sparse" and argues that the statute should not be used to support an award of attorney fees here. The Court however, does not agree. Although its underlying decision for dismissal of Plaintiff's defamation/slander per se claim was also supported by a finding of statutory privilege under N.R.S. § 463.3407, the Court specifically found that Defendant's communication to the Control Board also fit within the statutory definition of a petition under N.R.S. § 41.650. Accordingly, Defendant shall be awarded reasonable attorney's fees in regard to its anti-SLAPP pleadings.

Local Rule 54-16 sets forth the information the Court must consider when determining the reasonableness of attorney's fees and costs. Defendant has provided the Court with the applicable information under the rule, including an itemization of all costs being charged as a part of the fee award and an affidavit demonstrating that Defendant incurred attorney's fees and costs in the amount of $11,247.43 relating to the subject Motion. As stated above, Plaintiff's two-page Opposition requests that the Court not apply the anti-SLAPP fee award provision, yet makes no opposition to the itemization or fee award amount.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Attorney Fees (#30) is **GRANTED**.

DATED this 14th day of September 2010.

_____
Kent J. Dawson
United States District Judge